**Ashkhen TSARUKYAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71067.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 27, 2004.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable

978

Alan Aghabegian, Law Offices of Alan Aghabegian, Glendale, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Linda S. Wendtland, Esq., Norah Ascoli Schwarz, Esq., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM **

Ashkhen Tsarukyan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We re-

view adverse credibility determinations for substantial evidence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999), and reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the BIA's finding that Tsarukyan's credibility was undermined by inconsistencies in her testimony regarding her level of involvement in the Dashnack Party, the circumstances surrounding her June 1994 speech, as well as a doctor's letter which was dated before she was allegedly beaten by police. Because these irregularities go to the heart of Tsarukyan's asylum claim, *see Chebchoub v. INS*, 257 F.3d 1038, 1043–44 (9th Cir.2001), the record does not compel a reversal, *see Elias–Zacarias*, 502 U.S. at 481.

Because Tsarukyan failed to meet the less stringent requirements for asylum, it follows that she also failed to establish eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Petitioner's remaining contentions are unpersuasive.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Tsarukyan's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.